IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD F. PIACENTINI, individually and as part of a marital community with Andrea Piacentini; 10645 16th AVENUE SW, LLC, a Washington limited liability company,<br><br>     Plaintiffs,<br><br>   v.<br><br>NIKKI HEUSER AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD W. DYKE AND THE ESTATE OF ZERUIAH A. (AKA "ARLENE") DYKE AND TRUSTEE OF THE RICHARD W. DYKE FAMILY TRUST AND THE ARLENE DYKE FAMILY TRUST; THE ESTATE OF RICHARD W. DYKE; THE ESTATE OF ZERUIAH A. (AKA "ARLENE") DYKE,<br><br>     Defendants. | Case No. 3:20-cv-01118-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

   This matter comes before the Court on Richard Piacentini ("Piacentini") and 10645 16th

Avenue SW, LLC's (together, "Plaintiffs") motion to stay this litigation against the Estate of

Richard W. Dyke and the Estate of Zeruiah A. Dyke (the "Dyke Estates") and Nikki Heuser

PAGE 1 – OPINION AND ORDER

("Heuser") (together with the Dyke Estates, "Defendants"), the personal representative of the Dyke Estates and trustee of the Richard W. Dyke Family Trust and the Arlene Dyke Family Trust (the "Dyke Trusts"). For the reasons that follow, the Court grants Plaintiffs' motion.[1]

## BACKGROUND

This case concerns a property located in Seattle, Washington, which was once used as a gasoline service station. (Decl. of Jay Tufano in Supp. of Pls.' Mot. to Stay ("Tufano Decl.") Ex. A, at 11.) Gulf Oil Company, the predecessor of Chevron U.S.A. Inc. ("Chevron"), sold the property to Richard and Zeruiah (also known as "Arlene") Dyke (the "Dykes") in 1975. (Tufano Decl. Ex. A, at 11, Ex. B, at 1-2.) The Dykes sold the property in 1982. (Tufano Decl. Ex. E, at 1, Ex. F, at 1-25.)

John and Louise Piacentini acquired the property in 1985, and later leased it to Plaid Pantries, Inc. ("Plaid Pantry"). (Tufano Decl. Ex. G, at 1.) Plaid Pantry and its subtenants continued to use the property as a gasoline service station. (Tufano Decl. Ex. A, at 11.) When its lease terminated, Plaid Pantry removed the retail gas infrastructure from the property. (Tufano Decl. Ex. A, at 6, 11.) During the removal of the gas infrastructure, Plaid Pantry's contractors discovered petroleum hydrocarbon contamination in the soil. (Tufano Decl. Ex. A, at 6, 11.)

On October 11, 2016, after investigating and engaging in remedial activities, Plaid Pantry filed a lawsuit in Washington state court (the "Washington Action") against Chevron and Gull Industries, Inc. ("Gull"), both of whom had owned and operated gasoline service stations on the

---

[1] "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" *James v. Ariz. Dep't of Corrs.*, No. 18-4545, 2019 WL 7494660, at *2 (D. Ariz. Aug. 14, 2019) (quoting *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)). Plaintiffs' motion to stay does not dispose of any claims or defenses and does not effectively deny any ultimate relief, and therefore the Court may resolve the motion without full consent to the jurisdiction of a U.S. Magistrate Judge under 28 U.S.C. § 636(c).

PAGE 2 – OPINION AND ORDER

property, under Washington's Model Toxics Control Act ("MTCA") and Uniform Declaratory Judgments Act. (Tufano Decl. Ex. H, at 1-7.) In its complaint, Plaid Pantry seeks reimbursement from Chevron and Gull for environmental cleanup costs. (Tufano Decl. Ex. H, at 4.)

On August 16, 2019, Plaid Pantry filed an amended complaint in the Washington Action, adding Plaintiffs as named defendants. (Tufano Decl. ¶ 10.) On September 10, 2019, Plaintiffs filed an answer, as well as counterclaims against Plaid Pantry and cross-claims against Chevron and Gull. (Tufano Decl. ¶ 10.) On July 16, 2020, three months after filing the present action against Defendants, Plaintiffs filed a third-party complaint in the Washington Action against Heuser, the personal representative of the Dyke Estates and trustee of the Dyke Trusts, claiming that the Dykes are liable under the MTCA as former owners and operators of the Seattle property. (Tufano Decl. Ex. P, at 1-9.)

Defendants filed an answer in this Court on August 11, 2020. (Tufano Decl. Ex. D, at 1-10.) In their answer, Defendants assert that Plaintiffs' claims under Washington's MTCA and Uniform Declaratory Judgment Act are barred because this Court is not a "court of competent jurisdiction," and Plaintiffs must file their claims in an Oregon probate court.[2] (Tufano Decl. Ex. D, at 7.)

On October 12, 2020, Plaintiffs filed this motion to stay. In their motion, Plaintiffs represent that they filed this federal case "as an alternate forum to preserve their right to recover for cleanup costs," because Defendants "declined to agree that [the Washington court was] a court of competent jurisdiction to adjudicate Plaintiffs' claims." (Pls.' Mot. to Stay at 6; *see also* Compl. ¶ 40, explaining that because "Defendants have declined to stipulate that the Superior Court of Washington, King County is a court of competent jurisdiction . . . for Plaintiffs to

---

[2] Plaintiffs' counsel represents that Defendants filed a similar answer in the Washington Action on September 14, 2020, disputing that court's jurisdiction. (Pls.' Mot. to Stay at 6.)

PAGE 3 – OPINION AND ORDER

adjudicate their MTCA claims (as part of the Washington Action), Plaintiffs file[d] this separate action in the District Court of Oregon.").

## DISCUSSION

The parties dispute whether a stay pending resolution of the Washington Action is appropriate here. As explained below, the Court concludes that the relevant factors weigh in favor of a stay.

### I. APPLICABLE LAW

"District courts have the discretion to stay proceedings pending before them." *Patton v. DePuy Orthopaedics, Inc.*, No. 19-cv-00081, 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936) and *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)); *see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts typically consider the following three factors: "'(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" *DePuy*, 2019 WL 851933, at *3 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

### II. ANALYSIS

The Court finds that on balance, the relevant factors weigh in favor of staying this action pending resolution of the Washington Action.

In opposing Plaintiffs' motion to stay, Defendants argue that "a stay will damage the Estates and Trusts by preventing Ms. Heuser from distributing funds and settling the Estates and Trusts," and the Washington Action "involves different parties and different interests, and the

PAGE 4 – OPINION AND ORDER

procedural posture in that case heavily indicates those parties are not prosecuting that litigation." (Defs.' Resp. at 5.) Defendants also note that witness disclosures and discovery will not be completed in Washington for "more than a year," and suggest that a stay would allow Plaintiffs to "drag [them] into court" and make them "wait indefinitely for resolution." (Defs.' Resp. at 5-6.)

The Court is not persuaded by Defendants' arguments. There is substantial overlap between the parties and legal issues to resolve in the Washington Action and this action, as both relate to the apportionment of environmental cleanup costs for the same Seattle property. Although Defendants argue that staying this case would delay distribution of the estate and trust assets, they also appear to acknowledge that distribution will nevertheless be delayed until the Washington Action resolves. (*See* Defs.' Resp. at 2, describing the "related action[s]" in Washington and Oregon and stating "[a]ll this ongoing litigation prevents Ms. Heuser from distributing funds in accordance with Mr. and Mrs. Dyke's wishes[.]"). A stay would result in only minimal prejudice to Defendants, which is outweighed by the prejudice to Plaintiffs if forced simultaneously to litigate the same issues in both courts.

Furthermore, although Defendants are concerned that the Washington Action has been continued several times for various reasons (Suppl. Tufano Decl. Ex. Q, at 1-8, Ex. R, at 1-9), the Washington Action has progressed farther than this case. (*See* Tufano Decl. ¶ 10, the Washington court has set a trial date of March 14, 2022; Suppl. Tufano Decl. ¶ 6, Plaintiffs have already engaged in discovery with parties from the Washington Action). Given the procedural posture of the Washington Action, that court's familiarity with applicable Washington law, and the presence of additional relevant parties in the Washington Action, staying this case will conserve judicial resources and avoid potentially conflicting rulings.

PAGE 5 – OPINION AND ORDER

Finally, the Court's stay is not indefinite. *See generally Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."). With good cause, any party may move to lift the stay (*see Veytia v. Portfolio Recovery Assocs., LLC*, No. 20-cv-0341, 2020 WL 5257881, at *3 (S.D. Cal. Sept. 3, 2020) (advising the parties that they "may move to lift the stay at any point for good cause"), including if the Washington court declines to exercise jurisdiction over the same claims asserted here. (*See* Pls.' Reply at 3, acknowledging that "Defendants may [still] challenge the [Washington] [c]ourt's jurisdiction[.]").

For all of these reasons, the Court concludes that staying this litigation will conserve judicial resources by avoiding duplicative litigation and will not unduly prejudice the non-moving parties.

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiffs' motion to stay (ECF No. 15), and STAYS this action pending entry of judgment as to Defendants in the Washington Action.

**IT IS SO ORDERED.**

DATED this 20th day of November, 2020.

*[signature: Stacie F. Beckerman]*

HON. STACIE F. BECKERMAN
United States Magistrate Judge